UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08887-MCS-RAO | Date | September 25, 2025 |
| Title | Ortiz v. General Motors, LLC | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

The complaint in this case alleges a violation of the Song-Beverly Consumer Warranty Act. (*See generally* Compl., ECF No. 1-1.) Defendant General Motors, LLC removed the action from state court, invoking diversity jurisdiction. (Not., ECF No. 1.)

The Court questions its jurisdiction over the action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues *sua sponte*). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *accord Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The amount in controversy is not clear from the face of the complaint. Plaintiff's civil case cover sheet filed in state court indicates that the amount demanded exceeds $35,000, but nothing in the complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. (*See generally* Compl.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). The Court questions Defendant's representations concerning the amount in controversy presented in the notice of removal. Defendant's notice of removal purports to offer a "plausible basis" for the amount in controversy exceeding $75,000, but the unsupported factual allegations in the notice do not establish by a preponderance of evidence whether the amount in controversy is satisfied. (Not. 4–6.)

The Court orders Defendant to show cause why the case should not be remanded for lack of jurisdiction. Defendant shall file a written response within 14 days either acknowledging the Court lacks diversity jurisdiction or establishing by a preponderance of evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy). Plaintiff may respond to Defendant's response within seven days of its filing.

**IT IS SO ORDERED.**