UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:25-cv-08887-MCS-RAO** | Date | October 15, 2025 |
|---|---|---|---|
| Title | ***Ortiz v. General Motors, LLC*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER REMANDING CASE (JS-6)**

The Court ordered Defendant General Motors, LLC, to show cause why the case should not be remanded for lack of subject-matter jurisdiction. (OSC, ECF No. 9.) Defendant filed a response. (Resp., ECF No. 16; Fitch Decl., ECF No. 16-1; Sales Contract, ECF No. 16-2; Repair Summary, ECF No. 16-3.)

## I.    BACKGROUND

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). According to the complaint, Plaintiff purchased a 2022 GMC Sierra ("Vehicle") suffering from engine and transmission defects, which Defendant has failed to remedy. (Compl. ¶¶ 6, 9, 12–15, ECF No. 1-1.) The complaint seeks actual damages, restitution, civil penalties, consequential and incidental damages, attorney's fees and costs of suit, prejudgment interest, and any other relief deemed proper. (*See id.*, Prayer for Relief.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 25STCV10546. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.    DISCUSSION

The amount in controversy is not clear from the face of the complaint. Plaintiff's civil case cover sheet filed in state court indicates that the amount demanded exceeds $35,000, but nothing in the complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. (*See generally* Compl.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

///

## A.    Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.* In addition, "the actual price paid or payable by the buyer includes only *paid* finance charges," not finance charges that have yet to accrue. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)).

Defendant submits that Plaintiff's claims for damages place in controversy approximately $56,643.32, consisting of the vehicle's purchase price of $81,257.24, less $448.86 in mileage offsets, $5,136.00 in other offsets under the SBA, and $19,029.06 in unpaid financing. (Resp. 6–7.) The Court rejects the calculation. First, Plaintiff obtained the Vehicle with a significant amount of financing. (Sales Contract 1, (indicating Plaintiff made a $5,141.00 down payment).) Defendant estimates that Plaintiff has paid approximately $44,400.00 to date without citing any evidence to support this assertion but the sales contract. (Resp. 6.) *Cf. Jackson v. Mercedes-Benz USA, LLC*, No. 5:20-CV-01681-DOC-KK, 2020 U.S. Dist. LEXIS 228379, at *5–6 (C.D. Cal. Dec. 2, 2020) (remanding in part because "there are no facts indicating how many payments have been made on the installment contract"). Second, Defendant asserts that the Court should assume that Plaintiff will make 12 additional monthly payments prior to resolution of the case. (Resp. 7.) Defendant offers no basis for its assertion that this case is "unlikely to resolve early." (*Id.*) Without more information regarding how Defendant arrived at this 12-month calculation, this is not a reasonable assumption for the Court to make.

Thus, although Defendant concedes that installed nonmanufacturer items and optional service contracts do not factor into the damages calculation, Cal. Civ. Code § 1793.2(d)(2)(B); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 893 n.10 (S.D. Cal. 2021), and that the damages estimate is subject to a mileage offset, Cal. Civ. Code § 1793.2(d)(2)(C), without any evidentiary basis for the estimate of finance charges paid to date, the Court has insufficient information to estimate actual damages in controversy.

///

## B.    Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty in determining the amount in controversy. (Resp. 7.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Aside from an assertion, not grounded in declarant's personal knowledge, that in Defendant's law firm's experience, "plaintiffs pursue civil penalties when there are records of multiple repair presentations," (Fitch Decl. ¶ 6), Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty, *see, e.g.*, *Savall*, 2021 U.S. Dist. LEXIS 81477, at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18- cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish an estimate of actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618,

at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

### C.    Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits that fees may be estimated at $15,000, citing Plaintiff's counsel's demand of $3,000 for one motion to remand. (Resp. 8.) Counsel's declaration regarding his estimate of Plaintiff's counsel's anticipated expenditures on this case is not grounded in the declarant's personal knowledge, let alone any explanation how or why fees in this case should be valued at $15,000. (*See* Fitch Decl. ¶ 7 ("Based on *my firm's* prior experience . . . ." (emphasis added)); *see also Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). All but one of the scores of SBA cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other SBA cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case, which almost certainly will settle well before trial. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold).

### D.    Summary

The amount in controversy is not clear from the face of the complaint. Defendant fails to establish that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c). As a

result, the Court denies as moot Plaintiff's motion to remand the case. (Mot. to Remand, ECF No. 15.)

## IV.    CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 25STCV10546. The Court directs the clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**